Curia, per

O’Neall, J.
The case of McDaniel vs. Nicholson, 2d Con. Rep. (by Mill,) 344, referred to by the Recorder, as the basis of his judgment, contains an obiter dictum, that “ a minor may commence an action, but cannot *214 file his declaration until he has some person appointed prochein amy or guardian; if he did not do so, and went on to trial, he must be non-suited, whatever were the merits of the case.” That case, however, presented altogether a different question. It was a summary process ; the plaintiff an infant, residing out of the State, sued by attorney, and was ordered to give security for costs; not having done so, within the rule, he was non-suited, and the motion on the circuit, and in the Appeal Court, was to discharge the security, on the ground that the plaintiff had removed within the State ; and it was held that the security ought not to be discharged. In that judgment, however, only Grimke, Col cock and Che ves concurred generally ; Judge Johnson placed his concurrence on the ground that the court had no power to discharge from a bond, on a mere motion. The other three Judges gave no opinion. After this examination of McDaniel vs. Nicholson, it is plain that it is not authority for any thing which it purports to decide, much less for a point which was outside of the case made.
By Stat. 21 Jac. 1, c. 13, seó. 2, it is enacted, that after verdict for the plaintiff,, judgment shall not be staid or reversed by reason that the plaintiff, in ejectment, or other personal action or suit, being an infant under 21 years, did appear by attorney therein. Before this statute, it was error if an infant sued by attorney and not by guardian; Rew vs. Long, Cro. Jac. 4; 1 Roll. Ab. 287, Pl. 3; Bartholomew vs. Dighton, Cro. Eliz. 424; since, it can only be taken advantage of by plea in abatement; 2 Saund. 212, b, note 5; for it is no longer matter of substance, but of form. The objection of infancy is not that the plaintiff has no right to sue, but that he ought to sue by prochein amy. If the defendant pleads issuably, he waives the objections of form. In Foxwist and others, executors of Pinsent, vs. Tremaine, 2 Saund. 212, the defendant pleaded that two of the plaintiffs were infants. It was agreed by all, that if an infant plaintiff, suing in his own right, sue by attorney, the bill or writ may be abated by plea. From these authorities, it seems to me plain, that the objection of infancy in the plaintiff can only be made by plea ia abatement.
*215 But in the case before us, the proof of infancy came from the defendant, under the general issue. To say nothing of the irrelevancy of such proof to the issue, it is clear that the court cannot, in invitum, order a non-suit on the defendant’s proof. The motion to set aside the non-suit is granted.
Richardson, Evans, Butler, and Wardlaw, JJ., concurred.